UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ ABDUL ALEEM,<br><br>Plaintiff,<br><br>v.<br><br>J. LIZARRAGA, et al.,<br><br>Defendants. | No. 2:18-cv-1210 CKD P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 5.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff has filed both an original and amended complaint. (ECF No. 1, 7.) However, the claims in the amended complaint are completely unrelated to those in the original complaint. Review of the court's docket reveals that plaintiff has another case pending in this court, Aleem v. Lizarraga (Aleem II), 2:18-cv-1211 TLN DB, and it appears that the amended complaint was intended to be filed in Aleem II, as the claims and defendants are the same. Further inspection of the docket in Aleem II shows that plaintiff filed an amended complaint that is nearly identical to the original complaint in this case, and that it was stricken with leave to file the correct amended complaint, which he did. (Aleem II, ECF Nos. 5, 10, 13.) Accordingly, the first amended complaint in this action will be stricken. Because the amended complaint that was incorrectly filed in Aleem II is identical to the original complaint in this case, with the exception of some additional exhibits, the court will proceed to screen the original complaint rather than providing an opportunity to re-file the amended complaint in this action. (Compare ECF No. 1 with Aleem II, ECF No. 5.)

The complaint alleges that plaintiff's constitutional rights were violated by defendants J. Lizarraga, Warden of Mule Creek State Prison (MCSP); M. Ashe, a doctor at MCSP; Richard Weiss, plaintiff's primary care physician at MCSP; and Jane Doe, a licensed vocational nurse at

3

MCSP. (ECF No. 1 at 2, ¶¶ 4-7.) Plaintiff alleges that he underwent surgery and radiation for a tumor on the left side of his jaw in 2004 and 2005, and since then has experienced extreme residual pain that has been treated with morphine. (Id. at 3, ¶¶ 10-13.) On June 27, 2017, his morphine prescription was interrupted without formal notice and he was advised of this fact by defendant Doe. (Id. at 3-4, ¶ 14.) The following morning, while experiencing extreme pain, plaintiff went to see if the failure to provide morphine had been a mistake but was again told his prescription was being interrupted. (Id. at 4, ¶ 15.) Later that morning, plaintiff was seen by defendant Weiss and asked about the interruption to his morphine. (Id., ¶ 16.) Weiss advised that defendant Doe had decided to interrupt plaintiff's prescription on the ground that plaintiff was "cheeking" his medication and disregarded requests for documentation and to renew plaintiff's prescription. (Id., ¶¶ 17-19.)

Plaintiff proceeded to appeal the discontinuation of his morphine and was interviewed by defendant Ashe in relation to the grievance. (Id. at 4-5, ¶¶ 20-21.) Ashe relayed that morphine had been discontinued on suspicion of "cheeking" and refused to answer questions regarding the lack of formal documentation. (Id. at 5, ¶ 21.) During the interview, Ashe diagnosed plaintiff as having primarily neuropathic pain and prescribed Trileptal. (Id., ¶ 22.) Plaintiff was subsequently seen by an outside doctor, Dr. Moore, for a previously scheduled consultation and the doctor confirmed plaintiff's continuing pain and prescribed morphine. (Id. at 5-6, ¶¶ 24-25.)

After the consultation, plaintiff was seen by Weiss, who accused him of being manipulative and ordered acetaminophen with codeine instead of morphine. (Id. at 6, ¶ 26.) Five days later, the prescription for acetaminophen with codeine was interrupted without notice but was renewed when plaintiff saw Weiss later that day. (Id., ¶¶ 27-28.) When plaintiff was seen for a follow-up with Dr. Moore, he was told that there was deterioration in his left jaw area and he was once again prescribed morphine; however, this prescription was not filled. (Id. at 6-7, ¶¶ 29-31.)

IV.     Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

4

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted).  To establish a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

A. Doe Defendant

In relation to his allegations against the Doe defendant, plaintiff does not explicitly deny that he was "cheeking" his medication, but it can be inferred that he is asserting the claim was false and that defendant Doe therefore discontinued his morphine prescription without any justifiable reason and failed to prescribe any substitute pain medication.  These claims are sufficient to state a claim for deliberate indifference.

5

Although the use of fictitiously named Doe defendants is generally not favored, <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 768 (9th Cir. 1989). Because it appears that plaintiff may be able to identify the Doe defendant through discovery and plaintiff has stated a cognizable claim against her, the court will allow the deliberate indifference claim to proceed. However, due to the impossibility of serving an unknown individual, the court will not order service on the Doe defendant until plaintiff has identified her and filed a motion to substitute a named defendant for the Doe defendant. Plaintiff should seek to discover the identity of the Doe defendant and move to substitute her into the case as soon as is possible. Failure to identify the Doe defendant and serve her prior to the close of discovery will result in a recommendation that the claims against that defendant be dismissed.

### B. <u>Defendant Weiss</u>

When plaintiff was seen by defendant Weiss the day after his morphine was discontinued, although not explicit, the court can infer from the facts alleged that Weiss failed to prescribe any kind of substitute pain medication, despite plaintiff's extreme pain. This is also sufficient to state a claim for relief. However, plaintiff's claims that Weiss later prescribed him acetaminophen with codeine instead of morphine, without more, merely establishes a difference of opinion as to plaintiff's proper treatment and fails to state a claim for deliberate indifference.

### C. <u>Defendant Ashe</u>

Plaintiff's allegations that defendant Ashe diagnosed him with neuropathic pain and prescribed Trileptal instead of morphine fails to state a claim for deliberate indifference. At most, these allegations establish a difference of opinion as to the type of pain plaintiff was suffering and its proper treatment.

### D. <u>Defendant Lizaraga</u>

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v.

Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has not alleged any facts regarding Lizarraga other than that he is the warden of MCSP and therefore legally responsible for the welfare of inmates in that prison. (ECF No. 1 at 2, ¶ 4.) It appears that Lizarraga may have been named solely because of his position of authority, which is insufficient to state a claim.

V.     Due Process

Under the Due Process Clause of the Fourteenth Amendment, the state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A due process claim requires a constitutionally protected liberty or property interest. Ingraham v. Wright, 430 U.S. 651, 672 (1977). "Constitutionally protected liberty interests can arise under either state law or the Due Process Clause." Duffy v. Riveland, 98 F.3d 447, 456-57 (9th Cir. 1996) (citing Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)).

"[A] prisoner does not enjoy a constitutional right to the treatment of his or her choice." De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013). However, "State law can create a protected 'liberty' interest by placing substantive limitations on the exercise of official discretion." Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986) (citations omitted). To create

a protected liberty interest, the decisionmaker must be guided by particularized standards or criteria. Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (citation omitted). "If the decisionmaker is not required to base its decisions on objective and defined criteria, but instead can deny the requested relief for any constitutionally permissible reason or for no reason at all, the State has not created a constitutionally protected liberty interest." Id. (citations and internal quotation marks omitted).

Plaintiff alleges that his due process rights were violated when his morphine prescription was discontinued without proper documentation or notice as to the discontinuation, in violation of policy. These allegations are not sufficient to demonstrate that the state created a protected liberty interest in plaintiff's prescription for morphine, as he merely alleges that they did not properly document or notify him of the discontinuation. Accordingly, plaintiff has failed to sufficiently allege a due process violation.

VI.  Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state a cognizable due process claim against any defendant. The complaint also does not state any claims for relief against defendants Ashe and Lizarraga or against Weiss for prescribing pain medication other than morphine. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Weiss, and defendant Doe once her identity has been discovered, on his claim that Doe discontinued his morphine prescription without any justifiable reason and Doe and Weiss failed to prescribe him alternate pain medication after his morphine was discontinued. Alternatively, plaintiff may delay serving any defendant and amend the complaint to attempt to fix the deficiencies identified above.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed without amending the complaint, the court will proceed to serve the complaint as screened. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of his due

process claims, all claims against Ashe and Lizarraga, and of the deliberate indifference claim against Weiss for prescribing acetaminophen with codeine instead of morphine.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Once you identify her, defendant Doe will be required to respond to your claim that she cancelled your morphine prescription without cause and failed to provide you with a substitute pain medication. Defendant Weiss will be required to respond to your claim that he failed to

9

prescribe you a substitute pain medication after your morphine was originally discontinued. However, your claims against Wiess and Ashe for prescribing you something other than morphine do not state a claim because you have not alleged facts showing that their decisions were more than a difference of opinion. Your claims against defendant Lizarraga also do not state a claim because you have not explained what he did to violate your rights. The fact that he was warden is not enough to make him liable. Your due process claim also fails because you have not shown that you had a liberty interest in receiving morphine.

At this point, you can either (1) proceed immediately on your claims against defendants Doe and Weiss for Doe's discontinuation of your morphine and both defendants' failure to prescribe alternate pain medication and voluntarily dismiss the other claims or (2) try to amend the complaint to fix the problems with your other claims. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your due process claims, all claims against Ashe and Lizarraga, and the deliberate indifference claim against Weiss for prescribing acetaminophen with codeine instead of morphine. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for completion of service).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to strike the first amended complaint (ECF No. 7).

4. Plaintiff's due process claim, claims against Ashe and Lizarraga, and deliberate indifference claim against Weiss for prescribing acetaminophen with codeine instead of morphine do not state claims for which relief can be granted.

5. Plaintiff has the option to proceed immediately on his deliberate indifference claims against defendants Doe and Weiss for the discontinuation of his morphine and failure to prescribe alternative pain medication as set forth in Section IV above, or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the due process claims, all claims against Ashe and Lizarraga, and of the deliberate indifference claim against Weiss for prescribing acetaminophen with codeine instead of morphine.

Dated: April 23, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:alee1210.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ ABDUL ALEEM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LIZARRAGA, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-1210 CKD P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Doe and Weiss for the discontinuation of his morphine and failure to prescribe alternative pain medication without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his due process claims, all claims against Ashe and Lizarraga, and the deliberate indifference claim against Weiss for prescribing acetaminophen with codeine instead of morphine.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　Farooq Abdul Aleem
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se