UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ ABDUL ALEEM,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:18-cv-1210 KJM CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

By order filed December 14, 2020, the undersigned denied plaintiff's filing, which appeared to be a motion for preliminary injunction, without prejudice to a motion in the proper form. (ECF No. 59.) That order will be withdrawn, and the undersigned will instead issue findings and recommendations recommending that the motion be denied.

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, filed what appears to be a motion for a preliminary injunction. (ECF No. 57.) However, it is unclear what injunctive relief plaintiff seeks. Furthermore,

> [a] plaintiff seeking a preliminary injunction must establish that he is [(1)] likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that, even if the moving party cannot show a high likelihood of success on the

merits, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))). Plaintiff has failed to address any of these required factors.  Because it is unclear what relief plaintiff seeks and he has failed to address the factors necessary to grant a motion for preliminary injunction, it will be recommended that the motion be denied.

Accordingly, IT IS HEREBY ORDERED that the December 14, 2020 order denying plaintiff's motion for preliminary injunction (ECF No. 59) is withdrawn.

IT IS FURTHER RECOMMENDED that the motion for preliminary injunction (ECF No. 57) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 21, 2020

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:alee1210.pi.withdraw.f&r